[866 NYS2d 894]

In the Matter of KELLY M. CICCONE, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE FIFTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, November 14, 2008

**APPEARANCES OF COUNSEL**

*Andrea E. Tomaino, Principal Counsel, Fifth Judicial District Grievance Committee*, Syracuse, for petitioner.

*Peter T. Rodgers*, Rochester, for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on June 21, 2000 and maintains an office for the practice of law in Rochester. The Grievance Committee filed a petition charging respondent with committing acts of professional misconduct during a period of time in which she was associated with a law firm. Respondent filed an answer admitting material allegations of the petition. The parties resolved outstanding issues of fact by amending the pleadings.

Respondent admits that, while she was associated with the law firm, she accepted a check for a retainer fee from one of the firm's clients and, instead of remitting the funds to the firm, respondent deposited the check into her own former operating account.

We conclude that respondent has violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4])—engaging in conduct involving dishonesty, fraud, deceit or misrepresentation;

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on her fitness as a lawyer; and

DR 9-102 (a) (22 NYCRR 1200.46 [a])—misappropriating funds belonging to another person that are in her possession incident to her practice of law.

We have considered the matters submitted by respondent in mitigation, including that the misconduct was an aberration and occurred at a time when her judgment was affected by severe stress that she was experiencing as a result of personal problems. Additionally, we have considered that respondent has made restitution to the firm as well as her submission in mitigation setting forth that she had arranged for a loan that would have enabled her to pay back the retainer fee even before her misappropriation of those funds was discovered. Finally, we have considered the previously unblemished record of respondent and her expression of extreme remorse for the misconduct. Accordingly, we conclude

that respondent should be censured (*see Matter of Schell*, 286 AD2d 56 [2001]).

HURLBUTT, J.P., SMITH, CENTRA, PERADOTTO AND GORSKI, JJ., concur.

Order of censure entered.